# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEVEN M. ULRICH,

        Petitioner,    :    Case No. 3:13-cv-274

- vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

TIMOTHY BUCHANON, Warden,,

        :

        Respondent.

## ORDER GRANTING *IN FORMA PAUPERIS* STATUS; REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254[1] Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Court *sua sponte* grants Petitioner permission to proceed *in forma pauperis*. He indicates in the body of his Petition that he forwarded the required forms to the prison cashier, but he needed to file before they could be returned to him. By his own calculation, the statute of limitations expired August 17, 2012, and he filed August 13, 2013.

The last state court decision in Ulrich's case appears to be that rendered by the Second District Court of Appeals in *State v. Ulrich*, 2012 Ohio 3726, 2012 Ohio App. LEXIS 3293

---

[1] Petitioner refers to 28 U.S.C. § 2241 as the statute which grants this Court habeas corpus jurisdiction. That is correct, but because Ulrich is seeking release from a judgment of confinement imposed by a state court after trial, § 2254 and the pertinent rules govern this Court's exercise of that jurisdiction.

1

(Aug. 17, 2012). This report of the court of appeals' decision shows no appeal to the Ohio Supreme Court and Ulrich candidly admits that he did not appeal: "Petitioner could not function *pro se* and became dependant [sic] on jailhouse lawyers whom [sic] committed procedural defaults and then abandoned the case. Petitioner could not obtain an Ohio public defender." (Petition, Doc. No. 1, PageID 5.)

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground,

the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), *quoting O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47 (1999).

Ulrich's habeas corpus petition is barred by his procedural default in failing to appeal to the Ohio Supreme Court from the last decision of the Second District. Under the Ohio Supreme Court's Rules, an appeal could have been filed up to the forty-fifth day after judgment in the court of appeals, or until October 1, 2012. The 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986).

Because Ulrich did not appeal from the final decision of the court of appeals to the Ohio Supreme Court, he has procedurally defaulted on his claims and they are barred from merit consideration in this Court. The Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

August 22, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).