# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEVEN M. ULRICH,

        Petitioner,       :    Case No. 3:13-cv-274

- vs -                           District Judge Timothy S. Black
                                    Magistrate Judge Michael R. Merz

TIMOTHY BUCHANON, Warden,,

                                  :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 3) to the Magistrate Judge's Report and Recommendations (Doc. No. 2). Judge Black has recommitted the matter for reconsideration in light of the Objections (Doc. No. 4).

       In the Report, the Magistrate Judge recommended the case be dismissed as barred by Ulrich's procedural default in that he did not appeal to the Ohio Supreme Court from the last decision of the Second District Court of Appeals in his case, *State v. Ulrich*, 2012 Ohio 3726, 2012 Ohio App. LEXIS 3293 (2nd Dist. Aug. 17, 2012)(*Ulrich IV*)(Report, Doc. No. 2, PageID 32-33).

       Ulrich's Objection No. 1 is that he did appeal to the Ohio Supreme Court. He attaches his Memorandum in Support of Jurisdiction in Ohio Supreme Court Case No. 08-1744, an appeal from the judgment of the Second District Court of Appeals reported at *State v. Ulrich,* 2008 Ohio 3608, 2008 Ohio App. LEXIS 3060 (July 18, 2008)(*Ulrich I*). The Supreme Court declined to

review that decision. *State v. Ulrich*, 120 Ohio St. 3d 1455 (2008). He provides no proof of an appeal from the 2012 appellate decision (*Ulrich IV*). Other opinions of the court of appeals in this case appear at *State v. Ulrich*, 2011 Ohio 758, 2011 Ohio App. LEXIS 654 (2nd Dist. Feb. 18, 2011)(*Ulrich III*), and *State v. Ulrich*, 2009 Ohio 4610, 2009 Ohio App. LEXIS 3895 (2nd Dist. Sept. 4, 2009)(*Ulrich II*).

Ulrich pleads the following Grounds for Relief:

> **Ground One**: Petitioner received ineffective assistance of counsel at both the guilt and penalty phases of those state court proceedings.
>
> **Supporting Facts:**
> Counsel failed to present defense theory of facts.
> Counsel failed to challenge composition before the grand jury or challenge the charging offenses in intrim [sic].
> Counsel did not properly present the facts of the case before the jury or charge the jury correctly as to any lesser offense.
> Counsel should not have appeared in the case/trial as a matter of ethics.
>
> **Ground Two:** Petitioner claims the trial court erred when becoming [sic] aware of a potential conflict with attorney Marshall's appearance but failed to inquire into this fact.
>
> **Supporting Facts**: Any reasonable trier of fact could conclude that an attorney in trial counsel's position could not function as an attorney guaranteed a criminal defendant at trial and required under the 6th Amendment, U.S. Constitution, and had an obligation to hold a conflict probable cause hearing, a failure to do so is an automatic reversable [sic] error where prejudice is assumed, sub judice.
>
> **Ground Three:** The state court decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.
>
> **Supporting Facts**: The state courts' decisions and opinions were contrary to clearly established federal law or involved an unreasonable application to the United States Supreme Court's

2

> decision in *Strickland v. Washington, Gideon v. Wainright, Apprendi v. New Jersey, Blakely v. Washington.*
>
> **Ground Four:**  The state courts decisions resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.
>
> **Supporting Facts:**
> The State was aware of at least one victim's violent disposition and in-competent [sic] demeanor and substance abuse.
> The State was in possession of exculpatory evidence but failed to disclose it at trial.
> The court of appeals *de novo* review fell short of the probative value of evidence.
> The court of appeals failed to recognize the evidence of a potential conflict with trial counsel (Marshall) and/or Hodge (sentencing counsel).

(Petition, Doc. No. 1, PageID

In *Ulrich I*, Petitioner's assignments of error are as follows:

First:  The trial court erred by not allowing the defense counsel to explore the self defense defense or consider a witness's prior felony convictions when they put their credibility at issue upon taking the witness stand.

Second:  The trial court erred in sentencing in that it did not pronounce a specific sentence.

Third:  Appellant asserts ineffective assistance of counsel (regarding unspecified failures to object and attorney Marshall's suspension from the practice of law after the trial).

The court of appeals overruled all three assignments of error and affirmed the judgment. *Ulrich I*.  On *pro se* appeal to the Ohio Supreme Court, Ulrich raised the same claims made in Assignments of Error One and Three.

In *Ulrich II*, the court of appeals granted reopening under Ohio R. App. P. 26(B) to consider an omitted assignment of error regarding merger of offenses under Ohio's multiple count statute, Ohio Revised Code § 2941.25, and granted relief, remanding for resentencing.

3

After resentencing, Ulrich appealed again and the court of appeals again remanded for the State to elect one of the merged offenses for sentencing purposes and for the trial court to enter a judgment identifying the means of conviction. *Ulrich III*. After resentencing, Ulrich again appealed, raising, among other things, his claim he received ineffective assistance by virtue of attorney Marshall's later discipline. The court of appeals found that claim was *res judicata*, having been decided in *Ulrich I*.

Thus it appears that the only claim or claims Ulrich has preserved for federal habeas review are the claim or claims relating to attorney Marshall's discipline. That claim is adverted to in (1) the fourth set of supporting facts on Ground One, (2) Ground Two, and (3) the fourth set of supporting facts on Ground Four.

As arguments to overcome his procedural default on Ground One, Ulrich argues that the case was stalled in the court of appeals, that he had no means to perfect a Supreme Court appeal, and that he was under heavy medication adversely affecting his ability to function and reason, and he was without the assistance of counsel or funds to afford counsel (Petition, Doc. No. 1, PageID 5). He recites that Ground Two is intertwined with Ground One. *Id.* at PageID 7. As to Ground Three he states that he "[i]n part raised ineffective assistance of counsel claim for counsel's failure to protect his client's interest in guilt or punishment phases by asserting *Apprendi* and *Blakely* violations." *Id.* at PageID 9. As to Ground Four, he claims that "[i]n part, the issues on ineffective assistance of counsel were presented but improperly defined." *Id.* at PageID 10. Finally, he admits that not all grounds for relief presented in the Petition have been presented to the state courts, claiming "Petitioner was unavoidably prevented from presenting his claims to the highest state court do [sic] to defective state court process, no legal assistance programs that adequately function as a mechanism for a convicted defendant who is under a

disability." *Id.* at PageID 12.

Ulrich has not offered sufficient facts to overcome his procedural default in presenting his claims either to the Second District Court of Appeals or to the Ohio Supreme Court. Lack of counsel on appeal to the Ohio Supreme Court, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004), *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). There is no constitutional right to appointed counsel beyond the first appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Whatever disabilities Ulrich claims to have been under at some times while this case was pending (and he offers no proof), he was sufficiently competent to file the *pro se* brief in the Ohio Supreme Court from *Ulrich I*, which is the place where the omitted claims should have been raised.

Except for the Marshall discipline matter, none of these claims was raised in *Ulrich I*, where Ulrich was represented by different counsel from his trial and sentencing attorneys. The claims do not depend on matter outside the record, so they were required to be raised on direct appeal or be forfeited under Ohio's criminal *res judicata* doctrine. *State v. Perry,* 10 Ohio St. 2d 175 (1967), an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

One possible excuse for not raising these claims in *Ulrich I* would be a claim of ineffective assistance of appellate counsel. However, before relying on such a claim in federal

habeas, it must be presented to the state courts. *Edwards v. Carpenter,* 529 U.S. 446 (2000). Even though he successfully filed a *pro se* 26(B) application, which is the vehicle for raising ineffective assistance of appellate counsel claims in Ohio, he did not include any claim that Mr. Daley was ineffective on appeal for failing to raise any of the claims he now makes. Thus the Magistrate Judge concludes all of Ulrich's claims are barred by his failure to raise them on appeal either to the Second District Court of Appeals or to the Ohio Supreme Court.

Ulrich's claim about Marshall was raised in both of those courts and decided against him in *Ulrich I.* Because his case remained pending in the Ohio courts from August, 2012, his habeas corpus petition is timely. The Second District Court of Appeals decided this claim as follows:

> THIRD ASSIGNMENT OF ERROR
>
> [*P49] "APPELLANT ASSERTS INEFFECTIVE ASSISTANCE OF COUNSEL."
>
> [*P50] Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. *Id. State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
>
> [*P51] Defendant claims that his trial counsel performed deficiently because he failed to object at trial, although Defendant fails to identify what it is he claims his counsel should have objected to. A review of the trial record discloses that defense counsel did object at trial to certain testimony by the State's witnesses, and moved to strike inappropriate prejudicial testimony. No deficient performance by counsel has been demonstrated.

> **[\*P52]** Defendant also suggests that his trial counsel provided ineffective representation because counsel was suspended from the practice of law by the Ohio Supreme Court after Defendant's trial, but before sentencing. The trial court addressed counsel's suspension prior to imposing sentence and concluded that the reasons for counsel's suspension were unrelated to this case and that there was no basis to find ineffective assistance of counsel in this case.
>
> Once again, no deficient performance by counsel has been demonstrated and ineffective assistance of counsel has not been established. Defendant's third assignment of error is overruled. The judgment of the trial court will be affirmed.

*Ulrich I* at ¶¶ 49-52.

As Ulrich recognizes in his Petition, when a state court decides a question of constitutional law in a criminal case, that decision can be overturned in federal habeas corpus only if it is an unreasonable application of clearly established federal law or results from an unreasonable determination of facts based on the evidence presented. *Harrington v. Richter,* 562 U.S. ___, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000), *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012).

Ulrich's argument seems to be that Marshall's performance was deficient because he was under investigation for the ethics violations which ultimately led to his disbarment. However, there is no presumption of deficient performance from the fact of being under investigation. Moreover, Ulrich did not identify to the court of appeals and does not identify to this Court any actual deficient performance.[1] The Second District applied the correct legal standard under *Strickland*, *supra*, and Ulrich has shown no way in which that decision was unreasonable, nor has he pointed to any relevant facts the court of appeals ignored in reaching its decision.

---

[1] This Court has reviewed the disciplinary records in reference to Attorney Marshall. None of the allegations involved included action or inaction in Mr. Ulrich's case.

7

Therefore Ulrich's claims relating to the alleged ineffectiveness of Mr. Marshall are without merit.

**Conclusion**

Based on the above analysis, it is respectfully recommended that the Petition be dismissed as in part procedurally defaulted and in part without merit. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

September 16, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).